Mr. Duffy brought on another question, which was not on the record, but which as to its subject-matter he said he could make out by proof, namely, whether a person called into court as garnishee could plead the act of limitations for the principal defendant, whose property was attached. For the latter point Mr. Duffy cited 2 Bl. Rep., 762 to 764, and as to the first, he argued that by the equity of the act it ought not to run when a defendant was beyond sea. The reason why length of time is a bar at all is because of the presumption from thence that the debt is satisfied, though the evidence of a discharge is lost. Where such presumption cannot fairly arise, the act will not attach. It cannot fairly arise here, for the defendant hath been absent ever since the accruing of *Page 365 
the debt. We may even suppose from this record the debt was not contracted in this country, but beyond sea, where the defendant resides; if so, perhaps the debt is not subject to our act of limitations at all. Certainly the act did not begin to run in this country, and if it did not, the being beyond sea is within the saving of the act.
We are very clearly of opinion that the act of limitations cannot be pleaded by any other person than the defendant. It does not appear, however, by the record that the plea was pleaded by the garnishee, and we cannot receive any verbal testimony of that fact. We are bound to follow the record. As to the point whether the act will run against the plaintiff whilst the defendant is beyond sea, the defendant was in fact in this country when the debt was contracted, though that is not stated in the record so as to enable us to take notice of it. Laying that out of the case, our act makes no saving in favor of a plaintiff where the defendant is beyond sea. The British act, which had the same savings as ours, was always construed not to save the plaintiff's action when the defendant was beyond sea, and that occasioned (460) the 4th and 5th Anne, ch. 16, sec. 19. If the defendant was in this country when the contract was made, and the act began to run against the plaintiff, it will run on notwithstanding the defendant's removal; or if it had not began to run before his removal, his absence will not suspend its operation; or if he resided beyond sea at the time of the contract, and the plaintiff will make use of the remedies offered by our courts, he must accept of them upon the terms imposed by our law; that is to say, he must bring his suit within three years. Length of time is naturally, and everywhere, presumption of payment; where no time is limited by law, the presumption is left to be governed by such circumstances as are sufficient to raise it; where the law has fixed the time, the presumption is not left to be regulated by opinion, but it must arise after the lapse of the prescribed time. If in this country no time was limited by an express law, yet payment of this debt might be inferred from a lapse of three years, wherever it was contracted. This proves that all contracts, wherever made, are subject to be affected by the lapse of time in every country, particularly by a lapse of three years, when there is no circumstance attending the case that can legally save the plaintiff's right. *Page 366